MEDICAL RESEARCH COMMISSION AUTHORITY The Medical Research Commission has the responsibility for making and reviewing contracts concerning the plasma collection program at the Oklahoma State Penitentiary, and has the additional responsibility for supervising and maintaining control over such program. The Attorney General has received your request for an opinion wherein you, in effect, ask the following questions: In connection with the plasma collection program at the Oklahoma State Penitentiary: (1) Does the Medical Research Commission have responsibility for making and reviewing contracts? (2) Does the Medical Research Commission have the responsibility for supervising and maintaining control over the program? The statutes involved herein are Sections 63 O.S. 47.2 [63-47.2] through 63 O.S. 47.5 [63-47.5] [63-47.5] of Title 63 and read as follows: "47.2 The Medical Research Commission shall have jurisdiction of the supervision and control of all medical research projects and programs which may be instigated or proposed for the testing or experiment of any medical preparation or medical treatment wherein the facilities and prisoners of any penal institution or inmates of any other institution in the State of Oklahoma are involved; and no such program shall hereafter be conducted in such institutions unless the particulars thereof have been previously approved by a majority of the Medical Research Commission and as to penal institutions also by the Department of Corrections. "47.3 The Medical Research Commission shall have authority to enter into contracts with companies, firms or individuals for carrying on medical research projects or programs for the testing or experiment of any medical preparation or medical treatment in any of the institutions, including penal institutions, of the State of Oklahoma, providing such contract shall have, as to penal institutions, the prior approval of the Director of the Oklahoma Department of Corrections and, as to any other institution, shall have the prior approval of the governing board of the institution concerned. "47.4. The Medical Research Commission is authorized to accept contributions, grants, or gifts, from any private organization or individual, or any governmental agency or subdivision for the promotion of medical research and is further authorized to enter into any contracts or agreements, which the Commission considers desirable, for the advancement of medical knowledge, and may match any funds which may be available from private or governmental sources with any funds the Commission may receive. All monies received by said Commission which were derived from a research program shall be deposited in the State Treasury to the credit of the Medical Research Commission which, after paying expenses of the research programs under its jurisdiction, shall deposit the remainder to the credit of the institution or department where the work was done. All monies expended from such account shall be controlled from the State Budget Office in the same manner as other state funds. All monies received from the plasmapheresis program at penal institutions shall be deposited in the State Treasury to the credit of the Department of Corrections. All expenditures incurred in the plasma program at penal institutions shall be paid by the Department of Corrections. Prices paid or credits issued to inmates of penal institutions who participate in any of these programs shall be set by the Director of the Department of Corrections. "47.5 The Commission may delegate the execution of its research programs to physicians qualified in medical research, clinical investigation, experimental pharmacology and therapeutics or other medical specialty." (Emphasis added) These statutes are determinative as to the answers to your questions and a plain reading thereof reveals the clear legislative intent that the Medical Research Commission be the state body responsible for supervising and controlling all medical research projects and programs in State institutions. The provisions in the statutes referring to the involvement of the Department of Corrections in the plasma program apparently were enacted in order to facilitate the a practical aspects of the program, and do not relieve the Commission of its statutory duty to oversee the program. As regards your first question, Section 63 O.S. 47.3 [63-47.3] grants the Medical Research Commission the authority to enter into contracts concerning the plasma program at the Oklahoma State Penitentiary, with the proviso, however, that such contracts shall have the prior approval of the Director of the Oklahoma Department of Corrections. Sections 63 O.S. 47.4 [63-47.4] makes further reference to the authority of the Medical Research Commission to enter into any contracts or agreements considered desirable for the advancement of medical knowledge. Regarding your second question, Section 63 O.S. 47.2 [63-47.2] grants jurisdiction to the Commission to supervise and control all medical research projects in institutions in the State of Oklahoma, specifically referring to penal institutions, which would include the Oklahoma State Penitentiary. It should be noted that Section 63 O.S. 47.4 [63-47.4] provides for special handling of the funds derived from the plasmapheresis program at penal institutions. This fact does not, however, relieve the Medical Research Commission of its statutory duties set out in the other sections. Any legitimate expenditure incurred in fulfilling these duties would, of course, be reimbursable to the Commission by the Department of Corrections and is specifically authorized by Section 47.4. In summation, it is the opinion of the Attorney General that each of your questions must be answered in the affirmative. The Medical Research Commission has the responsibility for making and reviewing contracts concerning the plasma collection program at the Oklahoma State Penitentiary, and has the additional responsibility for supervising and maintaining control over such program. (James R. Barnett)